IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kevin L. Harbin, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 6:09-cv-02790-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Warden, Broad River | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court upon the Magistrate Judge's Report and Recommendation [Doc. 49], filed on January 27, 2011, recommending Respondent's motion for summary judgment [Doc. 27] be granted. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's report without a recitation.

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Petitioner Kevin L. Harbin is a *pro se* state prisoner petitioning for a writ of habeas corpus under 28 U.S.C. § 2254.  Specifically, Petitioner alleges actual innocence; due process violations; ineffective assistance of trial counsel; prosecutorial misconduct, violation of the South Carolina "Speedy Trial Act"; and ineffective assistance of PCR counsel.

Plaintiff timely filed objections to the report and recommendation.  [Doc. 56].  Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Petitioner's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims.  However, the court was able to discern Petitioner's objection to the Magistrate Judge's discussion of his actual innocence claim.

Petitioner objects that "he cannot show a claim of actual innocence without DNA testing, and therefore; he should be allowed to bring this claim in a second petition for habeas relief when DNA testing is finally implemented in South Carolina Courts; as he has more than diligently tried to obtain that testing." [Doc. 56, at 1-2].  In his claim for actual innocence, Petitioner asserted that he made a petition for DNA testing in the Greenville County Court of General Sessions.  Petitioner also asserts that he made a request for rehearing of writ of certiorari and motion to recall remittitur. [Doc. 49 at 4-5].  As the Magistrate Judge noted, before filing the instant petition, Petitioner filed

a prior petition under § 2254. Petitioner requested an extension of time in order to obtain "post

conviction DNA and other evidence testing" in order to support his claim of actual innocence. On

September 28, 2009, Magistrate Judge Paige J. Gossett denied Petitioner's request. [Misc. Case No.

3:09-mc-120-PJG, Doc. 7]. Judge Gossett noted that because the "Access to Justice Post-Conviction

DNA Testing Act and Preservation of Evidence Act" [S.C. Code Ann. § 17-28-40A] had not been

implemented at the time of Petitioner's request for an extension, "[Petitioner] apparently does not

believe that he can obtain the DNA and other evidence testing he needs to support the actual

innocence claim he wishes to make to this court within the time that he believes he has available for

filing a federal habeas petition because of the state's delay in implementation of the DNA Act."

[Misc. Case No. 3:09-mc-120-PJG, Doc. 7, at 2]. Ultimately Judge Gossett concluded "that so long

as [Petitioner] exercises due diligence in pursuing the DNA and other evidence testing once the

South Carolina DNA Act is implemented, he may raise any actual innocence gateway claim

supported by evidence ultimately obtained from such testing in a second petition submitted after the

time for filing an initial § 2254 petition asserting already exhausted grounds had passed." [Misc.

Case No. 3:09-mc-120-PJG, Doc. 7, at 3] Judge Gossett cited to a number of cases holding, in

general, that "properly raised and proved, actual innocence claims raised in federal habeas petitions

are not restricted by the general limitations of procedural bar and successiveness established under

28 U.S.C. § 2244." [Misc. Case No. 3:09-mc-120-PJG, Doc. 7, at 3]. [1] Judge McDonald concurred

---

[1]See, e.g., House v. Bell, 547 U.S. 518, 536-37 (2006); Jordan v. Sec., Dep't of Corr., 485 F.3d 1351, 1357 (11th Cir. 2007); Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005); Buckner v. Polk, 453 F.3d 195, 199 (4th Cir. 2006); Flanders v. Graves, 299 F. 3d 974, 976-78 (8th Cir. 2002).

with Judge Gossett's conclusion, and this court also agrees that once Petitioner is able to obtain his post-conviction DNA testing, he will be able to re-file his Petition on actual innocence grounds.

Therefore, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation [Doc. 49] and incorporates it herein.  It is therefore **ORDERED** that Respondent's motion for summary judgment [Doc. 27] is **GRANTED**.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

> s/ J. Michelle Childs
> United States District Judge

March 29, 2011
Greenville, South Carolina

4